MURRAY FEINSTEIN and SYLVIA FEINSTEIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Feinstein v. Commissioner
Docket No. 7964-72
United States Tax Court
T.C. Memo 1975-193; 1975 Tax Ct. Memo LEXIS 180; 34 T.C.M. (CCH) 830; T.C.M. (RIA) 750193; June 18, 1975, Filed Sidney Meyers, for the petitioners. Peter Matwiczyk, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent *181 determined a deficiency in petitioner's Federal income taxes for the calendar years 1969 and 1970 in the amounts of $877.60 and $481.25, respectively. The issue for decision is the amount of expenses which petitioners are entitled to deduct in the years here in issue for travel, gifts and gratuities, dues and subscriptions, carfare and automobile expense, automobile depreciation, and miscellaneous expenses. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners, whose legal residence was in Brooklyn, New York at the time of the filing of their petition in this case, filed joint Federal income tax returns for the calendar years 1969 and 1970 on a cash method of accounting with the district director of internal revenue, Brooklyn, New York. Murray Feinstein, hereinafter referred to as petitioner, was during the calendar years 1969 and 1970, and had been for a number of years prior thereto, engaged in the business of being a sales representative for several concerns. His business was a sole proprietorship operated under the name of Fashionit Sales Company. Petitioner was a sales representative for a North Carolina firm named "Aquatic Knits, *182 " for Cornish Knit Goods in Brooklyn, New York, and a firm called "Norlyn Knitting Mills" in Glassboro, New Jersey. Petitioner's customers were jobbers located in Connecticut, Brooklyn, Long Island, City and State of New York, New Jersey, Pennsylvania, Chicago, two customers in California and three in Florida. Petitioner had a total of approximately 40 customers. Petitioner would visit each of his customers, other than those in Florida, Chicago, and California 10 to 12 times during a year. He carried large sample cases with him and would generally take a taxicab to visit his customers in Brooklyn and New York City. Sometimes he would take a train or bus when calling on his customers in New Jersey, Connecticut, and Pennsylvania, but more often he would drive in his automobile in calling on these customers. During the years 1969 and 1970 petitioner owned a Dodge Dart automobile. Petitioner was married but had no children. Generally, during the week petitioner drove his automobile only on business, but occasionally if petitioner was not using the car, his wife would drive it for personal reasons during the week. On some weekends petitioner and his wife would use the car for personal *183 driving. During the year 1969 petitioner's wife suffered a heart attack and was in the hospital for approximately 4 weeks and was not well enough to go on weekend drives for several months after leaving the hospital. During 1969 petitioner made one trip to California in January to visit his two customers there, and on the way back from California stopped in Chicago to visit his customers there. In August of 1969 petitioner made a trip to Florida to visit his three customers in Florida. Petitioner charged his airline fare and all of his other traveling expenses to his American Express card and then wrote checks to American Express in payment for these expenses, often on a deferred basis over a period of 3 months. When petitioner received the American Express bill, on the basis of which he made the payments by check to American Express, these bills had each of the receipts for expenditures charged to American Express attached. Petitioner had these receipts available when his accountant prepared his income tax return for 1969 but at the trial produced only the checks drawn payable to American Express and his diary for 1969 which showed each of these checks to American Express entered *184 under a designation "Travel" but did not show other specific information with respect to such travel. During 1969 and 1970 petitioner made business gifts to a number of individuals who were customers of his. Such gifts were customary in the type of business which petitioner conducted. Petitioner, in each of the years 1969 and 1970, kept a list of the persons to whom such gifts were made, showing their address, and in some instances, his business connection with them. Most of the gifts made by petitioner were of candy, fruit baskets, or similar items given at Christmastime with a cost of $25 or less. In 1969 petitioner made four gifts in excess of $25 to special customers. Two of these gifts were Macy gift certificates of $100 each, the third was a $45 gift, and the fourth a $75 gift. In 1970 also, most of the gifts made by petitioner ranged from $5 to $25 but petitioner made one $100 gift to a special customer and four $50 gifts to special customers. Petitioner belonged to business associations to which he paid dues and subscribed to some business journals. Petitioner also would do advertising of various types, particularly showing things at the trade shows or the like, and in *185 his diary entered such expenses under the terminology "Miscellaneous." Petitioner on his Federal income tax returns for the calendar years 1969 and 1970 claimed as deductions for business expenses, among others, the following which respondent disallowed in part as indicated: 1969
1970
Claimed
Disallowed
Claimed
Disallowed
on
by
on
by
return
respondent
return
respondent
Travel, hotels,
etc.
$1,313.46
$833.00
Ent., gifts and
gratuities
1,323.86
953.86
$1,171.65
$796.65
Dues, Associa-
tions, sub-
scriptions
565.77
318.00
Carfares, auto
expenses
1,002.75
508.87
957.75
448.87
Depreciation-
auto
[1] 557.25 *186 198.05
[1] 557.20
198.05
Miscellaneous
1,210.00
850.07
855.50
558.50
With respect to such items as travel away from home and entertainment and gifts, it is incumbent on petitioner, in addition to showing that the amount is a business expense under section 162, to produce the substantiation of the expenditures required by section 274(d). [2] Also, under the provisions of section 274(b), a limitation is provided that: No deduction shall be allowed under section 162 or section 212 for any expense for gifts made directly or indirectly to any individual to the extent that such expense, when added to prior expenses of the taxpayer for gifts made to such individual during the same taxable year, exceeds $25. *187 Petitioner at the hearing testified as to his usage of his automobile in his business and produced a diary for each of the years 1969 and 1970 which in a number of instances indicated payments of bus or rail fare to various places. In 1969 petitioner listed these bus and train fares to places such as Philadelphia and Glassboro and other areas in New Jersey as well as cab fares under the designation "travel," under which he also listed his overnight travel. In the year 1970 cab fares were not listed under travel but were included under the designation "carfare and auto allowances." No schedules collated the various evidence that was submitted and no brief was filed by petitioner. Respondent in his brief did not attempt to analyze the detailed documentary evidence offered by petitioner, which clearly proved items in excess of the amount which respondent had allowed but merely confined his brief to an argument that his determination should be fully sustained because of petitioner's failure of proof. This left upon the Court an analysis of the documents put in evidence. In some instances the documentation is relatively clear; in others, it is not. However, using our best judgment and *188 considering petitioner's testimony and the other evidence of record, we have concluded that petitioner is entitled to cab fares in both 1969 and 1970 in excess of the amount allowed by respondent, and this conclusion is indicated in the amount we have set forth as being proper in our ultimate findings of fact. Also, from petitioner's testimony and the other evidence of record, we have concluded that petitioner did in fact use his automobile 75 percent for business and only 25 percent for pleasure and have allowed automobile depreciation and other automobile expenses accordingly in our ultimate findings of fact. We agree with respondent that the evidence fails to show that petitioner is entitled to deductions for dues and subscriptions in 1969 and miscellaneous in both 1969 and 1970 in excess of the amount determined by respondent, and therefore we have sustained respondent's determination in regard to these items. The only issue with respect to gifts is whether when petitioner made a gift to one individual in excess of $25, he is entitled to deduct the entire amount of the gift, none of the gift, or $25 of the amount of the gift. At the trial respondent conceded that the gifts made *189 by petitioner were business gifts and recognized that petitioner's records adequately supported the gifts and complied with section 274(d). However, respondent's allowance for gifts disallowed the entire amount of any gift if the gift exceeded $25 in value. We have quoted the statute with respect to the limitation on the allowance of deductions for gifts. In our view in the instances where petitioner made business gifts to one person in one year which cost in excess of $25 he is entitled to one deduction of $25 for the year for gifts to each person. Our ultimate findings of fact reflect this determination in the amount we have held to be deductible for gifts. In reaching this conclusion we have considered respondent's regulations which in this respect merely paraphrase the statute. Section 1.274-3(a), Income Tax Regs.[3]
*190 The remaining issue concerns petitioner's trips to California and Florida in 1969. There was no disallowance of petitioner's out-of-town travel in 1970 apparently because the claimed deductions were fully documented in accordance with section 274(d). For the year 1969 petitioner's entries in his diary showed no more than did his checks drawn to American Express. Therefore petitioner's documentation as to hotel bills does not meet the requirements of "adequate records" which required petitioner to maintain a book of account, diary, statement of expense, and similar documentary evidence as provided in subdivision (ii) and documentary evidence as provided in subdivision (iii) of subparagraph (2) of section 1.274-5(c)(2), Income Tax Regs.[4] Petitioner had the diary and had checks but did not have bills or receipts. Subparagraph (iii) of section 1.274-5(c)(2)(iii), Income Tax Regs.,[5] provides that documentary evidence such as receipts, paid bills, or similar evidence sufficient to support an expenditure shall be required for any expenditure for lodging while traveling away from home and any other expenses, "except, for transportation charges, documentary evidence will not be required *191 if not readily available." In our view, petitioner's oral testimony is adequately supported by his checks to American Express and his diary with respect to his air fares to California with a stop on the way back in Chicago and to Florida. Since the only item missing is the copy of the ticket or American Express receipt for the specific ticket and that item is not absolutely required by respondent's regulations, we have included in the amount of petitioner's deductions for travel in 1969 his air fare payment to California, Chicago, and Florida, but have not included any other items of his expenses on these trips because of lack of substantiation under the requirements of section 274(d). *192 Petitioner made no adequate accounting for the absence of the actual receipts or bills, and, in fact, made no real effort to so account. His only explanation which was given in response to an inquiry by the Court was that he had given them to his accountant but he did not have them now at court. Therefore, we have not allowed any amount of overnight travel of petitioner other than airline fares for failure to substantiate the claimed deduction in accordance with the requirement of section 274(d). See Walter L. Woodward,50 T.C. 982, 992-994 (1968). Decision will be entered under Rule 155.
Footnotes
1. Represents asserted 75 percent business use. Respondent in his notice of deficiency explained his disallowance of entertainment and travel expenses with the statement, "Disallowance made due to noncompliance to requirements as set forth by section 274(d) of the Internal Revenue Code." He explained his disallowance of association dues and automobile expenses, including part of the automobile insurance on the ground that part of the amount was a personal expense and also on the basis of lack of substantiation. He explained his disallowance of a part of the automobile depreciation on the ground that that portion of depreciation was due to personal use and he explained his disallowance of miscellaneous expenses on the basis that it was due to lack of substantiation. ULTIMATE FINDINGS OF FACT Petitioner is entitled to total deductions in the years 1969 and 1970 for the following expenses in the amounts indicated: Court allowance Item
1969
1970
Travel, hotels etc.
$1,092.00
Gifts
470.00
$500.00
Dues and subscriptions
247.77
Carfares, auto expenses
610.00
860.00
Automobile depreciation
557.25
557.20
Miscellaneous
359.93
297.00
OPINION The issue here is purely factual. Petitioner's business is the one generally recognized as an "outside salesman." As such he is unquestionably entitled to deduct his automobile expenses and carfare in calling on customers, and to deduct such expenses as advertising, and business association dues and subscriptions. However, it is incumbent on petitioner to substantiate such claimed deductions and to show that the expenditures are actually business expenses under section 162, I.R.C. 1954. All references are to the Internal Revenue Code of 1954.
[1]↩
2. Sec. 274(d) Substantiation Required.--No deduction shall be allowed-- (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity, or (3) for any expense for gifts, unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item and, (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. The Secretary or his delegate may by regulations provide that some or all of the requirements of the preceding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations.↩
3. Sec. 1.274-3Disallowance of deduction for gifts.
(a) In general. No deduction shall be allowed under section 162 or 212↩ for any expense for a gift made directly or indirectly by a taxpayer to any individual to the extent that such expense, when added to prior expenses of the taxpayer for gifts made to such individual during the taxpayer's taxable year, exceeds $25.
4. Sec. 1.274-5(c)(2)Substantiation by adequate records--(i) In general. To meet the "adequate records" requirements of section 274(d), a taxpayer shall maintain an account book, diary, statement of expense or similar record (as provided in subdivision (ii) of this subparagraph) and documentary evidence (as provided in subdivision (iii) of this subparagraph) which, in combination, are sufficient to establish each element of an expenditure specified in paragraph (b) of this section. It is not necessary to record information in an account book, diary, statement of expense or similar record which duplicates information reflected on a receipt so long as such account book and receipt complement each other in an orderly manner. (ii) Account book, diary, etc.↩ An account book, diary, statement of expense or similar record must be prepared or maintained in such manner that each recording of an element of an expenditure is made at or near the time of the expenditure. 5. Sec. 1.274-5(c)(2)(iii)Documentary evidence. Documentary evidence, such as receipts, paid bills, or similar evidence sufficient to support an expenditure shall be required for-- (a) Any expenditure for lodging while traveling away from home, and (b) Any other expenditure of $25 or more, except, for transportation charges, documentary evidence will not be required if not readily available.↩